SUAREZ, J.
K.C., a juvenile, appeals from the trial court’s denial of his motion to suppress. We affirm.
K.C. was arrested on suspicion of loitering and prowling, and was later charged by delinquency petition with burglary of an unoccupied dwelling and grand theft. A post-Miranda search of KC.’s backpack revealed items stolen from a house earlier that morning. On motion to suppress, the defense argued that there was no probable cause to arrest K.C. for loitering or prowling. At the hearing on the motion to suppress, the arresting officer testified that because K.C. was found jumping a fence and running from a backyard that was not his, in a high crime area that was currently under intense police scrutiny, K.C.’s flight was suspicious enough to warrant stopping him. The officer testified that he also stopped K.C. because he appeared to be a juvenile and should have been in school at that time of day. See, e.g. § 984.13(l)(b), Fla. Stat. (2008); L.R.D. v. State, 876 So.2d 598 (Fla. 5th DCA 2004).
The trial court denied KC.’s motion to suppress. K.C. pleaded nolo and he received a withhold of adjudication on the second degree felony charge of burglary unoccupied, and was put on one year probation, with a curfew and community service, among other requirements. He appeals from the denial of his motion to suppress.
At the motion to suppress, the state relied heavily on Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000), in which the Supreme Court held that unprovoked flight in a high-crime area constitutes grounds for a “reasonable, articulable suspicion that criminal activity is afoot,” for purposes of a Terry stop. Flight, in itself, is insufficient to support a reasonable suspicion of criminal activity. S.G.K. v. State, 657 So.2d 1246, 1247 (Fla. 1st DCA 1995). Flight, however, is merely one factor of many that contributes to an officer’s reasonable suspicion of criminal activity. See Parker v. State, 18 So.3d 555 (Fla. 1st DCA 2008) (citations omitted). To determine whether an officer had a reasonable suspicion of criminal activity, the court must consider the totality of the circumstances. State v. Outler, 20 So.3d 421 (Fla. 3d DCA 2009).
The evidence shows that K.C. was observed jumping over a fence from a backyard that was not his, and the townhouse later turned out to be the one that had been burglarized earlier. The record also shows that the purpose of the saturation *936 patrol in the neighborhood was in response to the number of house burglaries recently reported. Furthermore, the neighborhood security guard had reported to the responding police that juveniles were seen loitering and looking into backyards. See Parker v. State, 18 So.3d at 558 (holding that there must be additional factors which, when combined with flight, give rise to a reasonable suspicion that criminal activity is afoot). We find that the totality of these circumstances gave the officer reasonable suspicion to stop K.C. We affirm the trial court’s denial of K.C.’s motion to suppress.
Affirmed.